UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH DUNBAR,

               Plaintiff,                      No. 15-11573

v.                                     District Judge Denise Page Hood
                                     Magistrate Judge R. Steven Whalen

DANIEL HEYNS, ET AL.,

               Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC") has filed a *pro se* civil complaint alleging numerous claims under 42 U.S.C. § 1983.  Before the Court is his Motion for Default Judgment as to Defendants Meier, Rozen, Upper, and Woldhuis [Doc. #57], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).  I recommend that the motion be DENIED.

## I.    FACTS

On July 12, 2017, this Court entered an order of partial summary dismissal [Doc. #47], and ordered service by the U.S. Marshal on  Defendants Meier, Rozen, Upper, and Woldhuis.  On August 31, 2017, Plaintiff requested a Clerk's entry of default as to these Defendants [Doc. #55 and #56].  The Clerk denied those requests [Doc. #58 and #59]. On September 28, 2017, executed waivers of service were returned by Upper, Meier, and Woldhuis [Doc. #s 63, 64, 65]. Defendant Rozen has not yet been served.

## II.   STANDARD OF REVIEW

In order for a Plaintiff to obtain a judgment by default, he must first request a Clerk's entry of default pursuant to Fed.R.Civ.P. 55(a).  A default *judgment* is governed by Rule 55(b)(2).  "An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.,* 204 F.R.D. 327, 330 (W.D.Mich.2000) (quoting *United States v. Topeka Livestock Auction, Inc.,* 392 F.Supp. 944, 950 (N.D.Ind.1975)).  In *Vongrabe v. Sprint PCS,* 312 F.Supp.2d 1313, 1318 (S.D.Cal.2004), the court explained:

> "The section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one another. Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment."

*See also Ramada Franchise Sys., Inc.,* 220 F.R.D. 303, 305 (N.D.Ohio 2004) (quoting *Sys. Indus., Inc. v. Han,* 105 F.R.D. 72, 74 (E.D.Penn.1985)) ("Entry of a default ... is a prerequisite to entry of a default judgment under Rule 55(b)."); *DeTore v. Local # 245 of the Jersey City Public Employees Union,* 511 F.Supp. 171, 176 (D.N.J.1981) ("However, no default judgment may be entered under either F.R.Civ.P. 55(b)(1) or (b)(2) unless a default has previously been entered by the clerk under 55(a). Thus, the entry of default is an essential predicate to any default judgment.").

## III.   DISCUSSION

In this case, the Clerk has not entered of default under Rule 55(a), and indeed has denied Plaintiff's requests to do so. Therefore, Plaintiff is not entitled to a default judgment under Rule 55(b).

In addition, the time for Defendants Upper, Meier, and Woldhuis to answer has not expired, and Defendant Rozen has not been served, so a request for default or default judgment is premature. Plaintiff's motion is without merit.

## IV.   CONCLUSION

For these reasons, I recommend that Plaintiff's motion for default judgment [Doc. #57] be DENIED.

Any objections to this  Report and Recommendation must be filed  within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: October 6, 2017

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 6, 2017, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen