UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH DUNBAR,

      Plaintiff,                        No. 15-11573

v.                                      District Judge John Corbett O'Meara
                                               Magistrate Judge R. Steven Whalen

DANIEL HEYNS, ET AL.,

      Defendants.
_____/

## ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN

Plaintiff, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC") at the Richard A. Handlon Correctional Facility ("MTU") in Ionia, Michigan, has filed a *pro se* civil complaint alleging violations of his civil rights by under 42 U.S.C. § 1983 by various MTU personnel.[1] Currently before the Court is MDOC Defendants

---

[1] The Court notes that Plaintiff styles the complaint as a "Petition for Writ of Habeas Corpus Civil Rights Complaint" and also includes allegations regarding his underlying conviction. *Plaintiff's Amended Complaint.* Plaintiff previously filed two habeas petitions in the Eastern District of Michigan. *Dunbar v. Curtis*, 03-10232; *Dunbar v. Booker*, 07-10993. Before a second or successive habeas petition may be filed in a federal district court, a habeas petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). A federal district court does not have jurisdiction to entertain a successive petition for writ of habeas corpus in the absence of an order of authorization from the court of appeals. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). On transfer, the Western District can consider transfer of Plaintiff's habeas request to the Sixth Circuit.

Woldhuis, Meier, Rozen, and Upper's motion to dismiss and/or transfer based upon improper venue [Docket #69]. For the reasons set forth below, Defendants' motion is GRANTED to the extent that the case is transferred to the Western District of Michigan.

## I. DISCUSSION

Plaintiff's civil rights allegations pertain to the assignment of cell-mates and the handling of his mail. He alleges that these events took place at MTU in Ionia, Michigan which is located in the Western District of Michigan. The Defendants named in the complaint perform their work duties at MTU. *Docket #69,* ¶ 3. Plaintiff remains incarcerated at MTU.

Venue is in the judicial district where either all defendants reside or where the claim arose. *Al–Muhaymin v. Jones*, 895 F.2d 1147, 1148 (6th Cir.1990); 28 U.S.C. § 1391(b). For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. *See United States v. P.J. Dick, Inc.*, 79 F.Supp.2d 803, 805–06 (E.D.Mich.2000) (Gadola, J.); 28 U.S.C. § 1404(a). The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the

circumstances. *Overland, Inc. v. Taylor*, 79 F.Supp.2d 809, 811 (E.D.Mich.2000)(Gadola, J.).

The Court concludes that for the convenience of the parties and witnesses, location of relevant documents, and in the interests of justice, the present matter must be transferred to the Western District of Michigan. The primary factor in making the determination to transfer venue is that all of the "operative facts" in this case took place at MTU, which is located in the Western District of Michigan. *See Pierce v. Coughlin*, 806 F.Supp. 426, 428 (S.D.N.Y.1992). Plaintiff is currently incarcerated in the Western District of Michigan and Defendants work in that district. *See NGS American, Inc. v. Barnes,* 782 F.Supp. 1198, 1200 (E.D. Mich. 1992)(*citing Birnbaum v. Blum*, 546 F.Supp. 1363, 1366 (S.D.N.Y.1982)("place where state officials perform official duties is the official residence of state officials for venue purposes").

In cases in which a plaintiff's claims may require testimony or files that can be most easily obtained at or near the plaintiff's place of incarceration, "the district in which the institution is located will ordinarily be the more convenient forum." *See Joyner v. District of Columbia*, 267 F.Supp.2d 15, 20–21 (D.D.C.2003)(*citing Starnes v. McGuire*, 512 F.2d 918, 931 (D.C.Cir.1974)). The witnesses and files necessary to prosecute these claims are located in the Western District of Michigan. For these reasons, transfer of this action to the Western District would be proper. *See Welch v. Kelly*, 882 F.Supp. 177, 180 (D.D.C.1995). Venue for plaintiff's lawsuit against Defendants is not proper in the Eastern District of Michigan, because Plaintiff has failed to allege that any of the acts, events, or omissions

which form the basis of his lawsuit took place in the Eastern District of Michigan. *See Miles v. WTMX Radio*, 15 Fed. Appx. 213, 215 (6th Cir.June 20, 2001). For these reasons, the Court concludes that venue in this § 1983 lawsuit lies in the Western District of Michigan where Plaintiff alleges that the civil rights violations occurred.

> Insofar as Defendants request a transfer to the Western District of Michigan, the motion is GRANTED [Docket #69]. The Clerk of the Court will transfer this file to the Western District of Michigan.
>
> Plaintiff's motion to supplement [Docket #74], construed as a response to the current motion, is DENIED.
>
> Plaintiff's motion an evidentiary hearing [Docket #78] is DENIED WITHOUT PREJUDICE.
>
> Plaintiff's motion for immediate release, for bail, or for a transfer to a federal prison [Docket #79] is DENIED WITHOUT PREJUDICE.
>
> Plaintiff's motion demonstrating actual innocence [Docket #80] is DENIED WITHOUT PREJUDICE.
>
> Plaintiff's emergency motion for immediate consideration [Docket #83] is DENIED WITHOUT PREJUDICE.
>
> Plaintiff emergency motion for immediate release for emergency medical treatment [Docket #84] is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

                                         s/R. Steven Whalen
                                         R. STEVEN WHALEN
                                         UNITED STATES MAGISTRATE JUDGE

Date: May 31, 2018

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 31, 2018, electronically and/or by U.S. mail.

                                                  s/Carolyn Ciesla
                                                  Case Manager to the
                                                  Honorable R. Steven Whalen